# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIGNESH KANUBHAI PARMAR,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, Regional Director, Enforcement and Removal Operations, Immigration and Customs Enforcement; and KRISTI NOEM, Secretary, Department of Homeland Security,<br><br>    Respondents. | Case No.:  3:26-cv-01040-BTM-MMP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF NO. 1]** |

Pending before the Court is Jignesh Kanubhai Parmar's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the petition and orders the Respondents to provide him with an individualized bond hearing before a fair, neutral, and open-minded immigration judge.

//

//

26-cv-1040

## I.    BACKGROUND

Parmar arrived at the U.S. border on December 3, 2024, to seek asylum.  (ECF No. 1-1 ("NTA"), at 11; ECF No. 7, Ex. A ("Supp. Decl."), ¶ 1, 3.)  Later that day, he was detained by Border Patrol Agents.  (ECF No. 6-1, Ex. 1, at 2–3.)  Parmar was determined to be inadmissible under the INA and detained under 8 U.S.C. § 1225(b)(1).  (NTA, 11.)  After remaining in a detention camp for a week, he was transferred to the Otay Mesa Detention Center on December 8, 2024.  (Supp. Decl., ¶ 4.)

Parmar received a positive credible fear assessment for his asylum claim on January 31, 2025.  (*See* NTA, 11.)  The Respondents vacated his expedited removal order and placed him in Section 1229a removal proceedings.  (*Id.*; ECF No. 6 ("Return"), at 2.)  Parmar delayed these removal hearings from February 24, 2025, to July 16, 2025, to find pro bono legal representation and collect evidence for his asylum claim.  (*See* Return, 2; ECF No. 7 ("Traverse"), at 3.)  Once Parmar submitted his asylum application on August 21, 2025, he was scheduled for a merits hearing on October 5, 2025.  (Supp. Decl., ¶ 9; Return, 2.)  The hearing was continued first to January 23, 2026, second to March 23, 2026, and third to April 9, 2026.  (Supp. Decl., ¶ 7; Return, 2; ECF No. 11, at 1.)

Parmar has been in custody for about fifteen months and has not received a bond hearing.  (Supp. Decl., ¶ 10–11.)  He filed a petition for the writ of habeas corpus in the Southern District of California on February 18, 2026.  (ECF No. 1 ("Pet.").)  On February 22, 2026, Immigration and Customs Enforcement officers transferred Parmar from the Otay Mesa Detention Center to the California City Corrections Center, located in California City.  (*See* ECF No. 8, at 1–2.)

## II.    DISCUSSION

### A.    Jurisdiction

The Court has jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C § 2241(c)(3).  Usually, the only federal court that may properly entertain a habeas petition is one located in the "district of confinement."  *Doe v. Garland*, 109 F.4th 1188, 1198 (9th

Cir. 2024) (citing 28 U.S.C. § 2242).  Parmar is now confined in California City, which is within the jurisdiction of the Eastern District of California.  *See* Fed. R. Evid. 201 (Judicial Notice of Adjudicative Facts).  But "jurisdiction attaches on the initial filing for habeas corpus relief." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)).  Parmar's transfer "does not destroy the jurisdiction established at the time of filing." *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018) (citing *Francis*, 894 F.2d at 354).  Accordingly, the Court retains its jurisdiction to review Parmar's petition for the writ of habeas corpus.

### B.    Merits

The Petitioner claims the Due Process clause of the Fifth Amendment prohibits unreasonably prolonged immigration detention without a bond hearing.  (Pet., 6.)  The Respondents claim that the Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1).  (Return, 3–5.)  They claim that noncitizens[1] detained under this statute do not have a Due Process right against prolonged detention. (*Id.* at 5–8.)  Furthermore, the Respondents urge the Court to reject the Petitioner's Due Process claim on the merits because it is not unconstitutionally prolonged. (*Id.* at 8–10.)

The Petitioner does not contest that he is detained under Section 1225(b)(1). (Traverse, 1.)  The issue is whether the Petitioner has a right against prolonged detention and, if he does, whether that right was violated by the Respondents.

### i.    Due Process under Section 1225(b)(1)

The facts and legal arguments are similar to those presented in the Court's recent decision, *Amandeep v. LaRose*, 2026 WL 684654 (S.D. Cal. Mar. 10, 2026).  The Court adopts *Amandeep*'s reasoning and applies it here.

The Court holds that the Due Process clause prohibits unreasonably prolonged detention without a bond hearing.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  This protection extends to those detained under Section 1225, such as the Petitioner. *Kydyrali*

---

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien."  8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

26-cv-1040

*v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process.").

The Court further holds that the holding of *Shaughnessy v. United States ex rel. Mezei* does not apply to this case. 345 U.S. 206 (1953). The petitioner in *Mezei* had been deemed "a threat to national security." *Rosales-Garcia v. Holland*, 322 F.3d 386, 413–14 (6th Cir. 2003). Because the Petitioner here has not received a bond hearing, there has been no determination that he is a danger to national security. The Court also finds unpersuasive the Respondents' argument that *Barrera-Echavarria v. Rison* binds this Court to find that noncitizens "have no substantive right to be free from immigration detention." 44 F.3d 1441, 1450 (9th Cir. 1995), *superseded by statute*, Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009– 546, *as recognized in Xi v. U.S. Immigr. & Naturalization Serv.*, 298 F.3d 832, 837–38 (9th Cir. 2002). "[T]he constitutionality of 'indefinite' or 'permanent' detention with no prospect of release" was not at issue in *Barrera-Echavarria* as it is here. *Id.* at 1450.

Having found that the Petitioner has a right against prolonged detention, the Court must determine whether the Petitioner's detention is so prolonged as to violate the Due Process clause.

### ii.   Prolonged Detention

When deciding whether a petitioner's continued detention would violate the Due Process clause, many district courts have looked to the factors articulated in *Banda v. McAleenan*:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings cause [sic] by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal."

385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019) (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)). The Court finds it appropriate to apply the *Banda*

26-cv-1040

test to the Petitioner's detention as other decisions in this district have done.  *See, e.g.*, *Sandesh v. LaRose*, 2026 WL 622690 (S.D. Cal. Mar. 5, 2026).

The first and "most important factor," length of detention, favors the Petitioner. *Banda*, 385 F. Supp. 3d at 1118.  The Petitioner has been detained for fifteen months, a length of time beyond what many courts have found unreasonable.  *See Abdul Kadir v. LaRose*, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases).  The Court agrees with the Respondents that the length of a petitioner's detention does not, by itself, justify granting habeas relief.  "But neither does that length of detention serve as a safe harbor or insulate Petitioner's case from constitutional review." *Sadeqi v. LaRose*, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The second factor, likely duration of future detention, considers "the anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (quoting *Jamal A.*, 358 F. Supp. at 859).  Here, as in *Sandesh*, "Petitioner has not yet had his final merits hearing, and if he loses, will file an appeal to the BIA and will have an opportunity to appeal to the Ninth Circuit as well." 2026 WL 622690, at *4.  This process may take years.  *See Banda*, 385 F. Supp. 3d at 1119.  The Court finds that this factor weighs in favor of the Petitioner.

The third factor, conditions of detention, favors the Petitioner.  "The more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119.  The Petitioner's supplemental declaration states that, in his current detention center, he has been placed "in and out of an isolation room" without being told why, and lacks access to phones, hot water when bathing, or laundry services. (Supp. Decl., ¶ 15.)  He also states that the facility takes weeks to respond to his requests for medical attention. (*Id.*)  The Court finds that the Petitioner's detention resembles penal confinement, and so finds that this factor weighs in his favor.

The fourth and fifth factors consider the nature and extent of the delays caused by the parties.  The Petitioner argues that the Respondents delayed scheduling his merits

26-cv-1040

hearing for six months after his final removal hearing on July 16, 2025.  (Traverse, 11.) But because the record is unclear as to which party continued the merits hearing originally scheduled on October 3, 2025, the Court cannot attribute that delay to either party.  The Respondents argue that three months of delay was caused by the Petitioner continuing his removal hearings.  (Return, 9.)  The Court agrees but finds that the reason for the delay—continuing the hearings to seek legal counsel for his asylum claim—mitigates its weight in the analysis.  When evaluated together, the Court finds that these *Banda* factors are neutral. At most, these factors weigh only slightly in favor of the Respondents.

The sixth factor, the likelihood that the removal proceedings will result in a final order of removal, is neutral.  Although the Petitioner has a positive credible fear finding, the Court "is in no position to judge the likelihood of success of this argument" or his claim for asylum.  *Sandesh*, 2026 WL 622690.

The first three factors favor the Petitioner, the combined fourth and fifth factors only slightly favor the Respondents, and the sixth factor is neutral.  Taken together, the Court finds that the Petitioner's prolonged detention without a bond hearing violates the Due Process clause of the Fifth Amendment.

## C.    Relief

To remedy the violation of the Petitioner's Due Process rights, the Court is ordering an individualized bond hearing with additional safeguards.  *See Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011) (holding that noncitizens "facing prolonged detention" are "entitled to a bond hearing before a neutral immigration judge.").  The remedy of release without a bond hearing is denied without prejudice.

The bond hearing must be before a fair, neutral, and open-minded immigration judge who is ordered to determine whether the Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure the Petitioner's appearance.  During the bond hearing, the Respondents shall bear the burden of establishing by clear and convincing evidence that the Petitioner poses a danger or flight risk.  *See Sandesh*, 2026 WL 622690, at *5 ("[I]t [is] appropriate to continue to apply the

6

26-cv-1040

standard set forth in *Singh* in the case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals."). If the immigration judge denies bond, the judge must make specific findings as to why the Petitioner is a flight risk or a danger to the community.

## III. CONCLUSION

For the reasons stated, the petition for a writ of habeas corpus is **GRANTED IN PART**. The Respondents are ordered to grant Parmar an individualized bond hearing before a fair, neutral, and open-minded immigration judge in accordance with the requirements ordered above. The hearing must be held no later than April 13, 2026. The remedy of release without a bond hearing is **DENIED** without prejudice.

The parties shall file a joint statement on the results of Parmar's April 9 merits hearing no later than 12 p.m. on April 10, 2026. If the merits hearing results in Parmar's release, the parties may file a motion to vacate this writ as moot. Otherwise, the parties shall file a joint statement as to compliance with this writ and order and the result of the bond hearing by 5 p.m. on April 14, 2026. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

26-cv-1040